**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

BILLIE R. SHEFFEY,                                :
                                                  :
                    Plaintiff,                    :
                                                  :
        VS.                                       :
                                                  :      1 : 10-CV-124 (WLS)
                                                  :
MICHAEL J. ASTRUE,                                :
Commissioner of Social Security,                  :
                                                  :
                    Defendant.                    :

_____

**RECOMMENDATION**

Plaintiff, who is proceeding herein *pro se*, filed this Social Security appeal on September 21,

2010, challenging the Commissioner₅ final decision denying her application for disability benefits,

finding her not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction

arises under 42 U.S.C. ▪ 405(g) and 42 U.S.C. ▪ 1383(c).   All administrative remedies have been

exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied

the correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings

are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that

a reasonable person would accept the evidence as adequate to support the conclusion at issue.

*Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401

(1971).   In reviewing the ALJ's decision for support by substantial evidence, this Court may not

reweigh the evidence or substitute its judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."   *Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."   *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.   20 C.F.R. ▪ 404.1520.   In Step One, the Commissioner determines whether the claimant is working.   In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.   At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.   At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.   Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits with a protective filing date of March 11, 2006, alleging disability since February 3, 2006.   (T – 43, 44).   Her claims were denied initially and upon reconsideration.   (T – 43-46).   In a hearing decision dated July 24, 2008, the ALJ determined that the Plaintiff was not disabled. (T-10-21).   The Appeals Council denied Plaintiff's request for review on August 27, 2010, making the July 2008 decision the final decision of the Commissioner.   (T – 1-5).

*Statement of Facts and Evidence*

The Plaintiff was forty-four (44) years of age at the time of the Commissioner's July 2008 decision.   (T - 27).     She completed the twelfth grade, and she has past relevant work experience as a park aide, cashier/checker, telemarketer, food service worker and school bus monitor.   (T - 27, 102). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of chronic obstructive pulmonary disease (COPD) with asthma components.   (T - 15).   The ALJ found that the Plaintiff had the residual functional capacity to perform medium work with certain limitations, and could return to her past relevant work as a park aide, cashier/checker, telemarketer, food service worker and school bus monitor.   (T – 18, 20).

## DISCUSSION

In her limited briefs challenging the Commissioner's decision herein, the Plaintiff asserts that she worked a significant number of years and now suffers from emphysema, thereby entitling her to disability benefits.   (Docs. 23, 25).   However, a review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole and properly provided specific reasons to find the claimant not disabled under the guidelines of the Social Security regulations.   The ALJ found that the claimant suffered from impairments in the form of COPD with asthma components, but noted that medical records showed that her condition improved with treatment. (T – 15-16).   In addition to the claimant's medical history of treatment for a pulmonary condition, the ALJ reviewed Plaintiff's records regarding a possible mental condition and found that the Plaintiff did not suffer from a severe impairment in the form of anxiety.   (T – 16, 17).

In finding the claimant not disabled, the ALJ properly followed the five-step sequential evaluation process for a disability claim and provided specific reasons, supported by the objective record, to find that the claimant could return to her past relevant employment.   (T – 15- 21).   The

ALJ provided specific reasons to discount the opinions of limitation issued by Plaintiff's treating physician, as these limitations were not supported by findings in the objective record.   (T – 20).   As noted by the ALJ, Plaintiff's treating physician did not issue disabling limitations for the Plaintiff that were supported by the objective medical record.   *Id.*   A review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole and properly determined that while the claimant's impairments prevented her from performing heavy level work, they did not prevent her from medium level work.   The ALJ's conclusions in this regard are supported by substantial evidence.

To the extent that the Plaintiff asserts that the Vocational Expert's testimony did not support the ALJ's conclusions regarding her ability to return to past relevant work, the Court notes that the Vocational Expert testified regarding restrictions issued by treating physician Dr. Rao, which the ALJ did not find to be credible restrictions on Plaintiff's residual functional capacity.   (T – 39-40). Although Dr. Rao stated in an August 2006 residual functional capacity questionnaire that the Plaintiff would be absent from work more than four days a month due to her conditions, and the Vocational Expert testified that such a restriction would preclude meaningful work, the ALJ specifically discredited Dr. Rao's disabling limitations as unsupported by the objective medical record.   (T – 20, 330).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of ▪ 405(g).   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

4

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 14th day of May, 2012.


                                            **s/   *THOMAS Q. LANGSTAFF***
                                            **UNITED STATES MAGISTRATE JUDGE**

asb